UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

December 2, 2025

**VIA ECF**
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *SEC v. Patel, et al.*, 1:24-cv-06405-BMC (E.D.N.Y.)**

Dear Judge Cogan:

Under the Court's Individual Practice Paragraph III.B, Plaintiff Securities and Exchange Commission ("SEC") respectfully requests permission to file a motion for an Order, in the form of Exhibit A hereto, authorizing non-party witness Miral Patel to produce documents protected by the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. §§ 1320d-1320d-8 ("HIPAA") in response to the SEC's September 24, 2025 subpoena. Alternatively, the SEC seeks an Order compelling Ms. Patel to produce all responsive, non-privileged documents. Defendant Robert Horowitz ("Horowitz") consents to this request Defendants Marg Patel ("Marg Patel") and Chintankumar Bhatt ("Bhatt") take no position. If filed, Ms. Patel would consent to this motion and the relief it seeks.

***Background***

The SEC alleges that Defendants inflated the reported revenue of Medly, an online pharmacy company, by tens of millions of dollars. Specifically, that Defendants Marg Patel and Horowitz knowingly provided Medly investors with materially false financial statements, and that the revenue overstatement was due, in part, to Defendant Bhatt's creation of fictitious prescriptions in Medly's internal pharmacy management and database system, PrimeRx.

Miral Patel (no relation to Defendant Marg Patel) served as Medly's Database Administrator from 2019 to 2022, reporting to Bhatt. Through this role, Ms. Patel gained personal knowledge of Medly's PrimeRx system and Bhatt's conduct during the relevant period. She possesses records from her employment that are relevant to—or may lead to evidence relevant to—how the PrimeRx system was used to generate fictitious data and overstate Medly's revenue. Ms. Patel previously produced these same records to the Department of Justice.

***The Subpoena and HIPAA***

On September 24, 2025, the SEC served Ms. Patel with a Rule 45 subpoena containing one request: "A copy of all Documents and Communications produced by You to the DOJ[.]" (*See* Ex. B.) Ms. Patel has not yet produced any documents. After conferring with Ms. Patel's

counsel, SEC counsel understands that she does not object to producing responsive documents but contends that some include records that reflect health information protected under HIPPA. These includes prescription records of former Medly clients that comprise, or appear in excerpts in, responsive documents in Ms. Patel's possession. Ms. Patel seeks a court order before producing these records to ensure HIPAA compliance.

HIPAA restricts disclosure of "protected health information" but permits such disclosure in judicial proceedings when made pursuant to a court order. *See* 45 C.F.R. § 164.512(e)(1)(i); *Griffin-Robinson v. Warhit*, No. 20-cv-2712 (LLS), 2020 WL 2306478, at *8 n.12 (S.D.N.Y. May 6, 2020) (noting that HIPAA permits disclosure of protected health information "in response to a court order, provided that only the information specified in the court order is disclosed"). A court order provides Ms. Patel a safe harbor for HIPAA compliance, which is the sole basis for her request, and federal courts have issued such orders for non-party witnesses. *See, e.g.*, *Murray v. Edwards Cnty. Sherrif's Dep't, et al.*, 04-cv-1298 (JTM) (D. Kan.), ECF No. 196, Order for Inspection and Reproduction of Medical Records and Protected Health Information Pursuant to State and Federal Law (HIPAA), dated May 10, 2006 (*See* Ex. C); *Nat'l Abortion Fed'n v. Ashcroft*, No. 03-cv-8695 (RCC) (S.D.N.Y.), ECF No. 17, Order, dated December 19, 2003 (authorizing non-party witness hospital to "disclose the medical records and information sought in the attached subpoenas to be served . . . pursuant to Rule 45 of the F.R.C.P.").

HIPAA also permits disclosure of protected health information in response to litigation subpoenas when the requesting party has provided reasonable assurances that it obtained a "qualified protective order"—one that prohibits use of health records outside the litigation and requires their destruction afterward. *See* 45 C.F.R. § 164.512(e)(1)(v). The SEC has served such a subpoena on Mr. Patel and this Court's Protective Order satisfies HIPAA's requirements (ECF No. 17, Confidentiality Stipulation and Protective Order ("Protective Order") ¶ 19).

The Protective Order designates "any information reflecting an individual's medical records and other individually identifiable health information" as "Privacy Information" that cannot be used outside this litigation. (*Id.* ¶¶ 2, 16-18.) It further requires that confidential materials be returned or destroyed within 30 days of final disposition, subject only to the SEC's statutory record keeping obligations under the Freedom of Information Act and permitted uses under the Commission's Form 1662, which generally allows for sharing information with other law enforcement agencies. (*Id.* ¶ 16-18.) These limited exceptions reflect standard government enforcement practice and do not diminish SEC's reasonable steps to obtain a qualified protective order or the core protections afforded Ms. Patel's documents. *Id.* § 164.512(e)(1)(i); *see Nat'l Abortion Fed'n*, 2004 WL 555701, at *6 & n.6 (authorizing production of records covered by HIPAA notwithstanding protective order provision allowing government defendant to comply with FOIA obligations). The Court may compel Ms. Patel to produce documents responsive to the subpoena, providing an independent legal basis for Ms. Patel to produce the documents she possesses.[1]

---

[1] An order compelling Ms. Patel to produce documents would constitute an order satisfying the safe harbor requirements of 45 C.F.R. § 164.512(e)(1)(i).

***The Requested Relief Is Straightforward and Unopposed***

The SEC respectfully requests leave to file a motion for an order authorizing Ms. Patel to produce documents responsive to the subpoena or, alternatively, compelling her compliance. The relief sought is narrow and uncontroversial. *See In re Zyprexa Prods. Liab. Litig.*, 254 F.R.D. 50, 53-54 (E.D.N.Y. 2008) ("Under section 164.512, it is evidently denudate that a purpose of HIPAA was that health information, that may eventually be used in litigation or court proceedings, should be made available during the discovery phase.") (internal quotation omitted).

First, Ms. Patel consents. She does not challenge the subpoena's validity or scope, nor does she claim that production would be unduly burdensome. Her sole concern is obtaining the legal protection that a court order affords under HIPAA. Second, Defendants do not object. Marg Patel, Horowitz, and Bhatt have each indicated they either consent or take no position. Third, the burden on Ms. Patel is minimal. The subpoena seeks only documents she has already compiled and produced to the Department of Justice.[2] No additional document collection or review is required.

Finally, the Court's existing Protective Order provides robust safeguards for any health information Ms. Patel produces. The requested order would simply confirm that Ms. Patel may produce documents under that framework, consistent with HIPAA's safe harbor provisions.

Respectfully submitted,

/s/ Christopher M. Colorado

Christopher M. Colorado
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
100 Pearl St., Suite 20-100
New York, NY 10004-2616
(212) 336-9143
ColoradoCh@sec.gov

*Counsel for Plaintiff*
*Securities and Exchange Commission*

Attachments

cc: Andrew Weinstein, Esq. (counsel to Miral Patel, via e-mail)

[2] The SEC is unable to obtain these documents directly from the Department of Justice.