# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RONALD MURRAY, pro se<br><br>Plaintiff,<br><br>v.<br><br>EDWARDS COUNTY SHERIFF'S DEPARTMENT, KEN SCHMIDT, BRYANT KURTH, EDWARDS COUNTY DISPATCH, JULIE LONG, PRESTON DUNCAN, KENNETH DUPREE, and DENNIS J. HOGAN,<br><br>Defendants. | ) | Case No. 04-CV-1298-JTM/DWB<br>(Consolidated with Case No's<br>04-1046-JTM and 05-1308-JTM) |

**ORDER FOR INSPECTION AND REPRODUCTION OF MEDICAL RECORDS AND PROTECTED HEALTH INFORMATION**
**PURSUANT TO STATE AND FEDERAL LAW (HIPAA)**

Presently before the Court is Defendants' Motion for Court Order Authorizing Immediate Release of Medical Records. (Doc. 195). At the Pretrial Conference on May 10, 2006, the Court heard argument on this motion. Plaintiff Ronald Murray appeared *pro se* by telephone; Defendants appeared by telephone through counsel Jeff P. DeGraffenreid and Wendell F. Cowan.

Defendants previously issued a subpoena to obtain Plaintiff's medical records and noticed the deposition of Correct Care Solutions to obtain such medical records. (Doc. 145.) Plaintiff filed a motion to quash the subpoena (Doc. 143), and Defendants postponed the deposition pending a ruling by the Court on the motion to quash. (Doc. 146.) The Court subsequently entered an Order dated March 30, 2006, denying Plaintiff's motion to quash and allowing Defendants to conduct a single deposition of the custodian of the medical records upon giving Plaintiff notice of the deposition at least 21 days in advance. (Doc. 184.)

On April 14, 2006, Defendants issued a new Notice of Intent to Take Deposition Duces Tecum of the Records Custodian of Correct Care, Inc. on May 9, 2006. (Doc. 186.) Defendants' motion recites that on the afternoon of May 8, 2006, a representative of Correct Care, Inc. informed Defendants' counsel that Correct Care would not produce plaintiff's medical records without a court order pursuant to HIPPA. (Doc. 195 at ¶ 3.) Defendants have attached a proposed order to the motion and request the Court to enter that Order without the need to re-notice the deposition so that Defendants can complete this authorized discovery.

The Court has reviewed the proposed Order and has heard argument from the parties. At the argument, Plaintiff stated that rather than delay this case, he would stipulate that Defendants could receive his medical records, although he continues to contend that they are not relevant to issues in this case. The Court thereby enters the following Order for production of Plaintiffs' medical records:

**IT IS THEREFORE ORDERED** as follows:

TO: Custodian of Medical Records
Correct Care, Inc.
c/o El Dorado Correctional Facility
1737 SE US Highway 54
El Dorado, KS 67042

You are hereby authorized, directed, and ordered pursuant to the laws of Kansas and applicable federal law, including but not limited to the Health Insurance Portability and Accountability Act (HIPAA), to make available for examination and reproduction by the parties and their counsel denominated in this lawsuit **any and all** medical records of any type or nature whatsoever and/or any protected health information within your care, custody, or in any manner concerning Ronald Murray, #80060, DOB: XX/XX/1973.

**Medical documents and protected health information subject to this order include but are not limited to the entire medical chart cover to cover (including but not limited to any and all medical records from other health care providers and any and all correspondence); radiological films; monitoring strips of any kind; billing and payment records; prescriptions; test results; any and all records related to HIV testing, HIV status, AIDS or sexually transmitted diseases; and any and all records related to the diagnosis and treatment of mental or emotional condition, including any psychotherapy notes that are part of the medical record; provided however, that this Order does not authorize the production of patient records concerning alcohol abuse treatment or drug abuse treatment as defined by 42 C.F.R. Part 2.**

Unless specifically excluded by this Order, all medical records and protected health information in your possession regarding the person noted above shall be produced.

Said inspection and reproduction may be requested by any attorney of record herein as set forth below, and all clerical fees and expenses shall be paid by the attorney requesting such examination, reproduction or interview.

This Order complies with HIPAA federal standards for privacy of individually identifiable health information, 45 C.F.R. Parts 160 and 164. This Order further allows the disclosure of (1) information regarding diagnosis of, treatment for and general status relating to HIV and AIDS pursuant to K.S.A. 65-6001 *et seq.*; and (2) information regarding diagnosis and treatment of mental and emotional condition pursuant to K.S.A. 65-5601 *et seq*.

This Order shall be effective throughout the pendency of this action.

**IT IS FURTHER ORDERED** that Defendants may proceed immediately with the deposition of Correct Care, Inc. records custodian without the necessity of filing a new notice to take deposition and without further notice to Plaintiff.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, this 10th day of May, 2006.

s/ Donald W. Bostwick
DONALD W. BOSTWICK
UNITED STATES MAGISTRATE JUDGE